THOMAS L. ANGELL, Trustee, *vs.* HARRY R. ANGELL *et al.*

JUNE 24, 1907.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Special Case Stated for Opinion of Court.*

The statement of facts upon which the Supreme Court should act, upon a special case stated under court and practice act, section 323, should be made by the *"parties"* over their own signatures, or if signed by an attorney on behalf of any party, there should be such evidence of authority so to represent the party as to prevent any question arising in future as to the authorized representation of the parties before the court.

PETITION seeking determination of questions under a trust deed and will.

PARKHURST J.  This is in form a petition in equity, addressed to this court, seeking the determination of certain

questions, under a certain trust deed and will, as to the disposition of income and property under said deed and will. If it is to be treated as a proceeding in equity, according to its form, then it is not properly addressed to this court, but should have been by bill in equity addressed to the Superior Court, which alone has original jurisdiction in equity in such matters.

As it was presented to the court in argument, however, the parties seemed to treat it, and to desire it to be regarded, as a concurrent statement in the form of a special case for the opinion of this court, under section 323 of the court and practice act. We do not think that the form of this petition is a proper concurrent statement as contemplated under said section 323; furthermore, two of the respondents are minors and non-residents and stated to be under guardianship, *apparently* in Massachusetts; at all events it does not appear that they have any legal guardian in Rhode Island. Two other of the parties are non-residents; none of the parties has signed the petition in person, nor is there any evidence on file to show that any one of the parties has given any authority to any person to sign the petition in his or her behalf.

We do not think that said section 323 contemplates the submission of such questions to this court in any such manner. The statement of facts upon which this court should properly act under said section 323 should be made by the *"parties"* over their own signatures; or if signed by an attorney on behalf of any party, there should be such evidence of authority so to represent the party to the statement as to prevent any question arising in future as to the authorized representation of the parties before the court.

We are of the opinion, therefore, that this matter has not been properly brought before this court, and the proceeding is dismissed without prejudice to the right of the parties to apply either to the Superior Court, by bill in equity, or to this court upon a proper concurrent statement duly signed by the parties or by their duly authorized representatives, so that the signatures of the parties or of their representatives shall be properly authenticated.

*Louis L. Angell, William M. P. Bowen, Terence M. O'Reilly, and John C. Lynch* for parties.